IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R.K. PINSON & ASSOCIATES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. CHARBENEAU ) <br> individually and d/b/a M.J. ) <br> CHARBENEAU, INC., ) <br> ) <br> Defendants. ) | Case Number CIV-10-144-C |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action in the District Court of Logan County, Oklahoma, alleging breach of a personal services contract. Defendants removed the action to this Court alleging diversity of jurisdiction. Plaintiff now seeks remand, asserting Defendants are, in fact, citizens of Oklahoma and therefore there is no diversity and the Court lacks subject matter jurisdiction. The Court held a hearing on this motion on June 7, 2010.

Because Defendants[1] removed this action from state court, they have the burden of establishing the Court has subject matter jurisdiction. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Further, there is a presumption against removal jurisdiction. Id.

Using these standards, the Court considered the evidence presented in the parties' briefs and that presented at the hearing. Based on that evidence, the Court finds that Defendant is domiciled in Oklahoma. Although Defendant offered evidence regarding residence in Texas, that evidence does not address the issue. Rather, the question is where he is domiciled.

> A "domicile" is an individual's "'true, fixed, and permanent home and principal establishment.'" Eastman v. Univ. of Mich., 30 F.3d 670, 672-73 (6th Cir. 1994) (quoting *Black's Law Dictionary* 484 (6th ed. 1990)). Traditionally, an individual has only one domicile at a time. *See* Williamson v. Osenton, 232 U.S. 619, 625, 34 S.Ct. 442, 58 L.Ed. 758 (1914). An adult establishes a domicile "by physical presence in a place [i.e., a dwelling] in connection with a certain state of mind concerning one's intent to remain there." Holyfield, 490 U.S. at 48, 109 S.Ct. 1597; *see also* Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983); Restatement (Second) of Conflict of Laws § 15.

---

[1] The evidence before the Court establishes that Defendant M.J. Charbeneau, Inc., was incorporated in Oklahoma and in Nevada. It was unclear which corporation is involved the wrongs alleged in this action. However, because the Court has determined that Defendant Michael Charbeneau is not diverse from Plaintiff, it is unnecessary to resolve the citizenship of the corporation. See Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006)("Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."). Therefore, for the remainder of this opinion, the Court will refer only to Michael Charbeneau.

Keys Youth Services, Inc. v. City of Olathe, KS, 248 F.3d 1267, 1272 (10th Cir. 2001). Here, the evidence established that although Defendant presently lives in Texas, he is there only for business purposes and when that business was complete, he would return to Oklahoma. "To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Defendant offered no evidence to establish a change in domicile from Oklahoma to Texas. Accordingly, the Court lacks subject matter jurisdiction in this matter and it will be remanded to state court.

For the reasons set forth herein and announced in open court, Plaintiff's Motion to Remand (Dkt. No. 10) is GRANTED. The Court Clerk is directed to take the steps necessary to return this matter to the District Court of Logan County.

IT IS SO ORDERED this 8th day of June, 2010.

ROBIN J. CAUTHRON
United States District Judge